## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RAUSCH | : | CIVIL ACTION |
|       Plaintiff, | : | |
| | : | |
|   v. | : | |
| | : | No: |
| PHILADELPHIA SCHOOL DISTRICT | : | |
| | : | |
|       Defendant | : | |
| | : | |

## COMPLAINT AND JURY DEMAND

### I.   INTRODUCTION

    1.    Plaintiff, Joseph Rausch, claims of Defendant, Philadelphia School District, is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

    2.    This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

    3.    This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination and retaliation by Defendant with respect to his race (Pacific Islander) and national origin (Filipino). Plaintiff also asserts discrimination and retaliation claims under the Philadelphia Fair Practices Ordinance, Chapter 9-1100 of the Philadelphia Code ("PFPO").

II.     **JURISDICTION AND VENUE**

4.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

5.      The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

6.      The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PFPO.

7.      All conditions precedent to the institution of this suit have been fulfilled. On October 19, 2021 and December 15, 2021, Notices of Right to Sue were issued by the Equal Employment Opportunity Commission.  The action has been filed by the Plaintiff within ninety (90) days of receipt of said notices.  The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action under the PFPO.

III.    **PARTIES**

8.      Plaintiff, Joseph Rausch, is an adult individual who resides therein at 9349 Outlook Avenue, Philadelphia, Pennsylvania.

9.      Defendant, Philadelphia School District, was and is now a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 440 North Broad Street, Philadelphia, Pennsylvania.

10.     At all times relevant hereto, the Defendant waw acting through its agents, servants, and employees, who were authorized and acting within the scope of their

authority, course of employment, and under the direct control of the Defendant.

11.    At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and the PFPO, and are subject to the provisions of each said Act.

IV.    **STATEMENT OF CLAIMS**

12.    Plaintiff was originally hired by Defendant in or about September, 1998, and has continued working until the present in the capacity of food service manager.

13.    During the course of his employment, Plaintiff has performed all of the duties and obligations commensurate with his position in a dutiful and competent manner.

14.    In 2018, Plaintiff filled filed a Federal lawsuit against Defendant alleging that he was being subjected to discrimination on the basis of his national origin.

15.    Subsequent to the conclusion of said litigation, Plaintiff was victimized by repeated acts of retaliation and reprisal, continued acts of discrimination in the terms, conditions and privileges of his employment, has been denied promotional opportunities due to his national origin, and has subjected to ongoing harassment and discrimination by Defendant's management.

16.    Since being placed at the Felton Hill Intermediate School ("Felton Hill") in beginning of the 2016–2017 school year, Plaintiff has experienced persistent problems beyond his control which have impacted his ability to meet his assigned goals for the number of meals served per day.

17.     The problems which existed at the Felton Hill included a broken food warmer, the need for pest extermination, lack of adequate cold storage space, and understaffing.

18.     In fact, Plaintiff's Field Supervisor, Jared Lee ("Lee"), had visited the facility on numerous occasions prior to Plaintiff's arrival, and was well aware of the problems which existed and were never corrected.

19.     Nevertheless, soon after Plaintiff's arrival, in October, 2018, he was subjected to increased scrutiny by Lee and blamed for several occurrences at Felton Hill which were beyond his control.

20.     Plaintiff perceived that the treatment he was experiencing by Lee was motivated by reasons of discrimination against him on the basis of his national origin (Pacific Islander) and for him having previously engaged in protected activity by filing charges of discrimination and a discrimination lawsuit.

21.     In connection thereto, Lee supervises approximately thirty (30) schools for Defendant, all of which are subject to three (3) routine compliance visits annually.

22.     However, during the 2018 – 2019 school year, Lee visited Felton Hill to observe Plaintiff's performance on at least five (5) occasions, including October 24, 2018, December 3, 2018, December 11, 2018, December 14, 2018, and January 7, 2019.

23.     Plaintiff was allotted a racially disproportionate number of compliance visits which far exceeded that of similarly-situated Caucasian co-workers.

24.     After his first visit of Plaintiff's facility, Lee sent an email for him to review the audit and address all noncompliant items.

25.    Plaintiff responded to Lee's message via email on November 26, 2018, by noting that one infraction could not be avoided due to lack of sufficient cold storage space. Plaintiff additionally requested verbal notice of any forms needing his review in the future, another area of criticism.

26.    Lee verbally responded to Plaintiff's message by telling him to "tone down" his email." Lee also sarcastically remarked that Plaintiff's English had improved, and reference the fact that English was not his first language and that he spoke with an accent.

27.    During a professional development training on January 18, 2019, Lee stated to Plaintiff: "you cannot send an email the way you text". "You cannot send email the way you talk".  As Lee made these remarks, he stared at Plaintiff and directed his remarks towards him.

28.    Plaintiff responded to Lee that he felt he was discriminating against people who speak English as their second language and who and who are of different ethnic backgrounds.

29.    Notwithstanding Plaintiff's complaint concerning the said discriminatory actions, Lee failed to take Plaintiff's complaint seriously or to report the incident to Defendant's Human Resources Department for further investigation.

30.    Plaintiff also learned at or about that time that John Seracino, another manager, sent Lee and others an email referring to the fact that Plaintiff had filed a prior lawsuit against the Defendant.  Plaintiff believes and avers that the subject matter of his discrimination lawsuit was also freely discussed amongst management.

31.    Thereafter, Lee continued to subject Plaintiff to discriminatory retaliatory

treatment when on February 27, 2019, he imposed additional requirements upon Plaintiff which were not imposed on other food service managers.

32.     Plaintiff was also repeatedly denied professional advancement because he did not score high enough on Defendant's written exam, in further retaliation for him complaining about discrimination.

33.     Thereafter, Plaintiff registered a formal complaint of discrimination with Defendant's Human Resources Representative.

34.     On March 13, 2018, Plaintiff also sent an email to Karen Gokay, Deputy of Labor & Employee Relations, claiming that he believed he was being retaliated against due to his prior discrimination claim. Plaintiff also claimed that he believed that the requirement that he pass a written exam in order to be promoted to the position of field supervisor was discriminatory on the basis of his national origin.

35.     Although Plaintiff registered several complaints concerning the said discriminatory employment practices, Defendant failed to investigate or remediate his concerns.

36.   On January 10, 2019, Plaintiff sent another email to Lewis Bellardine, Chief Talent Officer for Defendant, referring to his prior complaint, and again reiterating that he believed that his denial of advancement was retaliatory and that Defendants written exams excluded individuals who speak English as a second language.

37.     Again, Defendant took no action to address Plaintiff's complaints.

38.     As a result of Defendant's failure to investigate or remediate his continued complaints of discrimination and retaliation, Plaintiff filed yet another Charge of Discrimination against Defendant with the EEOC on December 16, 2019.

39. In Plaintiff's most recent Charge he alleged that on April 3, 2019, and April 15, 2019, Defendant filed an unsatisfactory incident report concerning his performance.

40. Defendant's actions in issuing the said discipline were unjustified in that Defendant had not provided Plaintiff with the necessary supplies, equipment and repairs needed to properly do his job.

41. Thereafter, in May, 2019, Defendant recommended Plaintiff for suspension as a result of these alleged violations.

42. The aforesaid actions evidence Defendants continued retaliatory animus against Plaintiff in all facets of his work, including, but not limited to, his performance, his receipt of the necessary supplies and support to do his job, and his repeated attempts for advancement within Defendant's ranks.

43. Defendant routinely turned a blind eye towards the said discriminatory treatment exhibited towards Plaintiff.

44. The said instances of discrimination were pervasive and regular, and created an intolerable and hostile working environment for Plaintiff.

45. The Plaintiff believes and avers that as a result of his stated opposition to those discriminatory practices, he was also subjected to retaliation in the terms, conditions, and privileges of his employment, and was denied opportunities for advancement, as aforesaid.

## COUNT I
## (TITLE VII)
## National Origin and Race Discrimination/Hostile Work Environment/Retaliation

46.     Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint fully set forth at length herein.

47.     The actions of the Defendant through its agents, servants, and employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of his National Origin (Filipino) and his race (Pacific Islander), in systematically denying him advancement, and in subjecting him to retaliation, as foresaid, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

48.     The Defendant's acts of discrimination and retaliation, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

49.     As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PFPO)
## National Origin and Race Discrimination/Hostile Work Environment/Retaliation

50.     Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as if fully set forth at length herein.

51.     The actions of the Defendant, through its agents, servants, and

employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of his National Origin (Filipino) and his race (Pacific Islander), in systematically denying him advancement, and in subjecting him to retaliation, as foresaid, constituted a violation the PFPO.

52.     The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

53.     As a direct result of the Defendant's willful and unlawful actions in violation of the PFPO the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

54.     Plaintiff repeats the allegations of paragraph 1 through 53 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and Order that:

(a)     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c)     Defendant pay to Plaintiff punitive damages, ads allowed, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By: _____

KEVIN I. LOVITZ, ESQUIRE
kevin@lovitzlaw.com
ID # 70184
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff, Joseph Rausch